UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD M. CHISM and NICOLE C. CHISM,<br><br>    Plaintiffs,<br><br>vs.<br><br>RACHEL E. GARDNER, JOHN SAGER, et al.,<br><br>    Defendants. | NO. CV-09-025-JLQ<br><br>MEMORANDUM OPINION and ORDER RE: MOTION FOR DECLARATORY JUDGMENT |

**BEFORE THE COURT** is Plaintiffs' Motion for Declaratory Judgment (ECF No. 116), submitted without oral argument. The court has reviewed the Response and Reply briefing (ECF No. 124, 131).

## I. Introduction

This matter was originally assigned to another judge of this court who granted Defendant Gardner and Sager's Motion for Summary Judgment on the defense of qualified immunity and declined to exercise supplemental jurisdiction over the state law claims. (See ECF No. 89). Plaintiffs appealed, and in a published opinion the Ninth Circuit Court of Appeals reversed. (See ECF No. 101). Upon recusal of the original judge, this case was assigned to the undersigned. The instant Motion concerns what rulings by the Ninth Circuit are now the 'law of the case' and not subject to further dispute.

## II. Discussion

Plaintiffs contend that a list of 18 different factual findings and legal conclusions were conclusively determined by the Ninth Circuit and are now the law of the case. (See ECF No. 117, p. 2-3). Defendants argue that the "Ninth Circuit's factual findings and application of those findings to the law are necessarily limited to the context of denying

ORDER - 1           1

summary judgment only and cannot be substituted for the judgment of the jury at the time of trial." (ECF No. 124, p. 2). Defendants have the better of this argument.

### A. The Ninth Circuit Opinion

The Ninth Circuit's Opinion in *Chism v. Washington State, et al.*, 661 F.3d 380 (9th Cir. Nov. 7, 2011), states in part the following:

> Viewing the evidence in the light most favorable to the Chisms, we conclude that the Chisms have made a substantial showing of the officers' deliberate falsehood or reckless disregard for the truth and have established that, but for the dishonesty, the searches and arrest would not have occurred. *Id.* at 383.

Therefore, the factual determinations in the Opinion were made by viewing the facts in a light most favorable to the Plaintiffs. They are findings that the jury *could* make, however they are not conclusive factual determinations on those issues.

Applying this view to the evidence, the Ninth Circuit concluded: "Viewing the evidence in the light most favorable to the Chisms, we conclude that the Chisms have made a substantial showing that the officers' deception was intentional or reckless." *Id.* at 388. The Circuit also acknowledged that the "question of intent or recklessness is a factual determination that must be made by the trier of fact." *Id.* Thus, the Circuit specifically reserved this issue for the jury.

On the question of whether the false statements or omissions were "material," the Circuit stated that materiality was "purely a legal question," *Id.* at 389, and found the statements were material: "We therefore hold that the affidavit's false statements and omissions were material to the probable cause determination for the search warrants." *Id.* at 392.

Even though the Ninth Circuit strongly concluded that, "every reasonable official would have understood that the Chisms had a constitutional right to not be searched and arrested as a result of judicial deception," *Id.* at 393, the Circuit reached that conclusion by viewing the facts in a light most favorable to Plaintiffs. If the jury finds that Defendants acted with a reckless or intentional disregard for the truth, then there is no

ORDER - 2                                     2

basis for further argument concerning qualified immunity. *Id.* at 393 n. 15 ("Accordingly, should a fact finder find against an official on this state-of-mind question, qualified immunity would not be available as a defense."). The phrasing, "should a fact finder find," leaves this issue for determination by the jury.

### B. Law of the Case Doctrine

Under the law of the case doctrine, subsequent proceedings should adhere to the law of the case as established by prior appellate decisions unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Bollinger v. Oregon*, 172 Fed.Appx. 770 (9th Cir. 2006) citing *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997)(*overruled on other grounds*). The *Jeffries* opinion was overruled to the extent it suggested that the above three exceptions were also exceptions to the "law of the circuit" rule. See *Gonzalez v. Arizona*, 677 F.3d 383, n. 4 (9th Cir. 2012)("We now hold that the exceptions to the law of the case doctrine are not exceptions to our general "law of the circuit" rule, i.e., the rule that a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so.").

The *Bollinger* trilogy of cases is quite instructive on the question presented in the instant Motion. In *Bollinger I*, 86 Fed.Appx. 259 (9th Cir. 2003), the Circuit reversed the district court's dismissal of the action based on qualified immunity. On remand, the defendants filed a motion for summary judgment and the district court granted summary judgment finding that defendants were entitled to qualified immunity. The Circuit reversed in *Bollinger* II, 172 Fed.Appx. 770 (9th Cir. 2006), finding that no new evidence relevant to the qualified immunity defense had been presented and thus under the law of the case doctrine defendants were not entitled to qualified immunity. On remand, a jury found in favor of defendants on the basis of qualified immunity and the Circuit affirmed. *Bollinger v. Oregon*, 305 Fed.Appx. 344 (9th Cir. 2008). The Circuit found that it was

ORDER - 3                                      3

not error to submit the issue to the jury and the defense was not precluded by the law of the case doctrine. *Id*. at 345.

The *Bollinger* trilogy is in accord with the Ninth Circuit's opinion in *Vaughan v. Ricketts*, 950 F.2d 1464 (9th Cir. 1991), where the district court initially denied qualified immunity and such finding was affirmed by the Circuit. Then, on remand, the jury found that defendants had violated plaintiffs Fourth Amendment rights, but that the defendants were entitled to qualified immunity. The Circuit acknowledged that its prior opinion denying qualified immunity had held that "if all the plaintiffs' allegations were taken as true, no reasonable officer could believe that such searches were conducted in a reasonable manner." *Id.* at 1468. Plaintiffs argued from this "that since they prevailed on the issue of liability, it follows that their allegations were true, and therefore the law of the case doctrine compels the conclusion that no reasonable officer could have believed that the searches were conducted in a reasonable manner." *Id.* The Circuit rejected this argument, observing that even though the jury had found in their favor, that did not mean they had proven all of their allegations. Thus, a denial of qualified immunity at the summary judgment stage does not necessarily preclude that defense from later being submitted to the jury.

Defendants do not contend that this court should revisit the issue of qualified immunity at the summary judgment stage. See Defendant's Memo, ECF No. 124 at p. 7 ("Certainly, the law of the case doctrine prevents this Court from granting the Defendants summary judgment on the issue of qualified immunity absent a recognized exception to the law of the case doctrine."). Although it is possible that a defendant could bring more than one summary judgment motion directed to the issue of summary judgment, such practice could be abusive. See *Jacob v. Killian*, 437 Fed.Appx. 460 (6th Cir. 2011)("The ability of defendants to bring interlocutory appeals from denials of qualified immunity raises the concern that they might bring such motions solely in order to delay the proceedings against them.") This court would likely view with disfavor a

ORDER - 4                              4

second summary judgment motion on the issue of qualified immunity, in the absence of an intervening change in the law or new evidence, coupled with a good cause showing as to why that evidence was not presented in the initial motion. As the Sixth Circuit advised in the *Jacob* case: "The district court should therefore feel free to summarily dispose of any similar motions in the future...". *Id.* at *10.

### III. Conclusion

The Ninth Circuit determined that based on the summary judgment record before it, Defendants were not entitled to qualified immunity. The Ninth Circuit stated at least twice that it was viewing the factual evidence in a light most favorable to Plaintiffs. Therefore, the Ninth Circuit was not making any factual findings that are now the law of the case. The Ninth Circuit's opinion clearly demonstrates its view that a jury *could* find that Officer Gardner's affidavit contained several false statements and serious omissions. A jury *could* find that the Officers acted with an intentional or reckless disregard for the truth. If a jury should find that the Officers acted with intentional or reckless disregard for the truth, then there is no remaining issue of qualified immunity, as the Ninth Circuit has held as a matter of law that "governmental employees are not entitled to qualified immunity on judicial deception claims," 661 F.3d at 393.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Declaratory Judgment (ECF No. 116) which seeks to have this court declare that numerous factual and legal issues have been conclusively determined is **DENIED**. The parties are to be guided by this Order as to impact of the Ninth Circuit's qualified immunity Opinion on further proceedings herein.

**IT IS SO ORDERED**. The Clerk of the court is directed to enter this Order and furnish copies to counsel.

Dated May 30, 2012.

                    s/ Justin L. Quackenbush
            JUSTIN L. QUACKENBUSH
         SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 5                                           5