UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD M. CHISM and NICOLE C. CHISM,<br>                Plaintiffs,<br><br>    vs.<br><br>RACHEL E. GARDNER, JOHN SAGER, et al.,<br>                Defendants. | NO. CV-09-025-JLQ<br><br>ORDER DIRECTING ENTRY OF JUDGMENT AND CLOSING FILE |

    BEFORE THE COURT is the "Notice of Acceptance of Defendant's Offer of Judgment" (ECF No. 147), filed on May 31, 2012, which includes a copy of the Offer of Judgment (ECF No. 147-1). After the filing of the Notice of Acceptance, Plaintiffs filed a Motion for Expungement of certain state records (ECF No. 148) and a Motion for Return of Seized Property (ECF No. 151). Federal Rule of Civil Procedure 68(a) provides that once an acceptance of an offer of judgment is filed: "The clerk must then enter judgment."

    Rule 68 judgments have been described as "self-executing". See *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991)("Unlike imposed judgments and ordinary consent judgments, once the parties agree on the terms of the Rule 68 judgment, the court has no discretion to withhold its entry or otherwise frustrate the agreement."). The Seventh Circuit, following *Mallory*, has similarly held that: "Entry of a Rule 68 judgment is ministerial rather than discretionary...Once the acceptance has been properly filed, judgment must be entered." *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998); see also

ORDER - 1                                   1

*Utility Automation 2000 v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002)("Unlike a consent decree, the court exercises little substantive review over a Rule 68 offer; upon notification that the plaintiff has accepted the offer, the court mechanically enters judgment.").

The Offer of Judgment in this case provides that it is "in full satisfaction of all claims in the lawsuit." (ECF No. 147-1, p. 1). The Offer further states: "This Offer is extended to settle and finally resolve all legal and equitable relief sought by you, Plaintiffs, in this case." (ECF No. 147-1, p. 2). The Offer additionally provides that the sum offered "encompasses and includes all claimed damages, any recoverable attorney fees and costs...". (Id.).

Following acceptance of the Offer of Judgment counsel for the Plaintiffs filed two motions, one for alleged expungement and another for return of property. The complaint in this matter does not seek such relief; there is nothing in the record to indicate that such relief was part of the settlement of this matter; and there is nothing in the record as to whether this collateral relief has been sought through contacts with counsel for the Defendants.

Judgment must be entered upon the filing of the acceptance of an offer of judgment. The Offer of Judgment herein encompasses "all legal and equitable relief" sought in the lawsuit, and includes attorneys fees and costs. It would therefore be inappropriate for the court to entertain motions, such as the Motion for Expungement and Motion for Return of Property which were filed after the Notice of Acceptance and which arguably seek further relief not included in the Offer of Judgment nor in the Plaintiffs' Acceptance.

**IT IS HEREBY ORDERED:**

1. The Clerk is directed to enter Judgment in accordance with the terms of the Offer of Judgment. The Clerk shall enter Judgment in favor of Plaintiffs and against Defendants in the amount of Two Million Four Hundred Thousand Dollars ($2,400,000.00). The Judgment includes attorney fees and costs and there shall be no further application for attorney fees or costs.

2. The pending Motions for Partial Summary Judgment (ECF No. 132 and 134) are **DENIED AS MOOT**. The Motion for Expungement (ECF No. 148) and Motion for Return of Property (ECF No. 151) are **DENIED AS MOOT**.

**IT IS SO ORDERED**. The Clerk of the court is directed to file this Order, enter Judgment, furnish copies to counsel, and close this file.

Dated June  19 , 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE